## Commonwealth ex rel. Mawson, Appellant, *v.* Burke.

24

Submitted October 7, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Thomas Mawson*, appellant, in propria persona, submitted a brief.

*Thomas M. Reed*, Assistant District Attorney, *Michael von Moschzisker*, First Assistant District Attorney, *Martin Vinikoor*, Assistant District Attorney, and *Richardson Dilworth*, District Attorney, for appellee, submitted a brief.

PER CURIAM, November 12, 1952:
True bills were found against relator—one charging robbery while armed with an offensive weapon, and the other charging burglary. The bills of indictment are Nos. 867 and 869, September Sessions, 1940, in the Court of Oyer and Terminer of Philadelphia County.

Relator having pleaded not guilty appeared for trial before a jury on September 26, 1940, with his counsel. The Commonwealth's evidence established the commis-

sion of the offenses set forth in the bills of indictment. Before the conclusion of the Commonwealth's evidence, the trial record shows the following statement by relator's counsel: "Mr. Saul: If your Honor please, the defendant changes his plea from one of not guilty to a plea of nolo contendere, sir." Such pleas were entered and accepted by the court. Relator was sentenced on bill No. 867 for a term of not less than eight years nor more than twenty years in the Eastern State Penitentiary. He was paroled on February 8, 1950. As a convicted parole violator, having again committed robbery, he was returned to the penitentiary on January 17, 1952.

In his petition for writ of habeas corpus relator avers that the maximum term of imprisonment that could be imposed on bill No. 867 was ten years. There is no merit in this contention as section 705 of the Act of June 24, 1939, P. L. 872, 18 PS §4705, provides that the maximum sentence for the crime of robbery while armed with an offensive weapon is twenty years with a fine of $10,000.

Answers were filed to relator's petition which was refused by Judge FENERTY after hearing in open court; and relator was remanded to the Eastern State Penitentiary.

Relator's averment that he was to be sentenced for robbery under §704 of the Act, 18 PS §4704, on bill No. 867, as no weapon was used in the commission of the crime, is refuted by the indictment to which he entered the plea of nolo contendere and by the testimony taken at his trial prior to the entry of such plea. His victim testified that he hit her over the head with a piece of iron, that he assaulted her in other respects, and that he took from her the sum of $25. He then committed another assault when he found that she had no more money.

The petition was properly refused, and the record conclusively supports the action of the hearing judge. Order is affirmed.